1 MCGREGOR W. SCOTT
United States Attorney
2 DAVID W. SPENCER
JUSTIN L. LEE
3 Assistant United States Attorneys
501 I Street, Suite 10-100
4 Sacramento, CA 95814
Telephone: (916) 554-2700
5 Facsimile: (916) 554-2900

6 Attorneys for Plaintiff
United States of America

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | CASE NO. 2:19-CR-00155-GEB |
|---|---|
| Plaintiff, | STIPULATION AND JOINT REQUEST FOR PROTECTIVE ORDER; [~~PROPOSED~~] PROTECTIVE ORDER |
| v. | |
| JASON RAYSEAN BROADBENT, | |
| Defendant. | |

## I.     **STIPULATION**

1. Plaintiff United States of America, by and through its counsel of record, and defendant Jason Raysean Broadbent ("defendant"), by and through his counsel of record (collectively, the "parties"), for the reasons set forth below, hereby stipulate, agree, and jointly request that the Court enter a Protective Order in this case restricting the use and dissemination of certain materials containing personal identifying information ("PII") and other confidential information of real persons.

2. On September 5, 2019, the Grand Jury returned an indictment charging defendant with Assault on a Federal Officer Using a Deadly or Dangerous Weapon, 18 U.S.C. § 111(a)(1) and (b) (two counts); Discharge of a Firearm During and in Relation to a Crime of Violence, 18 U.S.C. § 924(c)(1)(A); Brandishing a Firearm During and in Relation to a Crime of Violence, 18 U.S.C. § 924(c)(1)(A); Possession with Intent to Distribute Methamphetamine Near a School, 21 U.S.C. § 860(a); Possession with Intent to Distribute Methamphetamine on a Premises where Children are

STIPULATION AND [PROPOSED] PROTECTIVE ORDER     1

Present and Reside, 21 U.S.C. § 860a; Possession of a Firearm in Furtherance of a Drug Trafficking Crime, 18 U.S.C. § 924(c)(1)(A) (two counts); Possession with Intent to Distribute Methamphetamine, 21 U.S.C. § 841(a)(1); Felon in Possession of a Firearm, 18 U.S.C. § 922(g)(1) (two counts); Possession of an Unregistered Destructive Device, 26 U.S.C. § 5861(d); and Possession of an Unregistered Short-Barreled Machinegun, 26 U.S.C. § 5861(d) (two counts). Defendant is currently detained pending trial.

3. As part of its investigation in the above-captioned case, the government is in the possession of documents relating to the charges against the defendant, and seeks to provide those documents to the counsel for the defendant. The government seeks to do so pursuant to its discovery obligations, although some of the materials may exceed the scope of the government's discovery obligations and will be produced to promote a prompt and just resolution of the case.

4. The government intends to produce to Defense Counsel, as defined below, materials containing PII and other confidential information of real persons, including, among other things, social security numbers, dates of birth, and personal addresses. These real persons are third parties and/or witnesses to this case. The government also intends to produce to Defense Counsel a state wiretap application and order and copies of recordings intercepted pursuant to the state court-authorized wiretap (the "Wiretap Materials"). These Wiretap Materials implicate the privacy interests of uncharged individuals.

5. The purpose of the proposed Protective Order is to prevent the unauthorized dissemination, distribution, or use of the Wiretap Materials and materials containing the PII of others. If this information is disclosed without protective measures or to defendant without limitation, it will risk the privacy and security of third parties. The government has ongoing statutory and ethical obligations to protect this information, and cannot produce these materials without measures to ensure its protection.

6. The PII cannot realistically be redacted from the materials the government seeks to produce pursuant to the proposed Protective Order. There are thousands of references to PII in the voluminous discovery in this case; redacting all of those references would be a burdensome and time-consuming effort that would have to be done manually and would likely take numerous hours to complete. Further, in some cases the PII is itself potentially relevant. If the government were to redact this information, the discovery could prove difficult to interpret and understand and would inhibit

prompt and just resolution of the case. Finally, some of the materials containing PII are audio recordings, which cannot reasonably be redacted.

7. Accordingly, the parties jointly request a Protective Order that will permit the government to produce discovery that is unredacted, but that preserves the privacy and security of third parties. The parties agree that the following conditions, if ordered by the Court in the proposed Protective Order, will serve the government's interest in maintaining the privacy and security of third parties, while permitting the defense to understand the government's evidence against the defendant.

8. This Court may enter protective orders pursuant to Rule 16(d) of the Federal Rules of Criminal Procedure, Local Rule 141.1, and its general supervisory authority.

## II. PROPOSED PROTECTIVE ORDER

### A. Protected Materials

9. This Order pertains to all Wiretap Materials and materials containing PII or other confidential third-party information (collectively, "Protected Materials").

10. The government is authorized to designate Wiretap Materials and materials containing PII or other confidential third-party information as Protected Materials. To so designate, the government must identify the Protected Materials on the material itself, in an accompanying cover letter, or on a diskette cover or label, by using the following designation "PROTECTED MATERIALS-SUBJECT TO PROTECTIVE ORDER." If defendant objects to any such designation, he may do so by application to the Court upon duly noticed motion, following meeting and conferring with the government regarding the objection.

11. For purposes of the Protective Order, the term "Personal Identifying Information" (PII) includes any information within the definition of a "means of identification" under 18 U.S.C. § 1028(d)(7).

12. To the extent that notes are made that memorialize, in whole or in part, Wiretap Materials and/or the PII in any Protected Materials, or to the extent that copies are made for authorized use by members of the Defense Team, such notes, copies, or reproductions become Protected Materials, subject to the Protective Order, and must be handled in accordance with the terms of the Protective Order.

/ / /

### B. Defense Team

13. For purposes of this Order, the term "Defense Counsel" refers to defendant's counsel of record.

14. For purposes of this Order, the term "Defense Team" refers to (1) defendant's counsel of record, (2) other attorneys at Defense Counsel's law firm or organization who may be consulted regarding case strategy in the above-captioned matter, (3) defense investigators who are assisting Defense Counsel with this case, (4) retained experts or potential experts, and (5) paralegals, legal assistants, and other support staff to defendant's counsel of record providing assistance on this case. The term "Defense Team" does not include the defendant, the defendant's family, or other associates of the defendant.

15. Before providing Protected Materials to any member of the Defense Team, Defense Counsel must provide a copy of this Order and must obtain written consent from that member of the Defense Team of his or her agreement to be bound by the terms and conditions of this Protective Order if they have not already signed such a consent as a condition of employment with the Defense Counsel's Office. The written consent need not be disclosed or produced to the United States unless requested by the United States and ordered by the Court.

### C. Disclosure of Protected Materials

16. The Defense Team shall not permit anyone other than the Defense Team to have possession of the Protected Materials, including the defendant himself.

17. No person or party shall use any Protected Materials or information derived from Protected Materials produced in this action for any purpose other than use in the above-captioned case. All Protected Materials shall be used solely for the purpose of conducting and preparing for pre-trial, trial, post-trial, and appellate proceedings (both direct and collateral) in this criminal action and for no other purposes whatsoever. Protected Materials may be disclosed only to the categories of persons and under the conditions described in this Order.

18. Defendant may review Protected Materials in this case only in the presence of a member of his Defense Team, and his Defense Counsel shall ensure that defendant is never left alone with any Protected Information. Defendant may not copy, keep, maintain, or otherwise possess any of such

Protected Materials at any time. Defendant must return any Protected Materials to his Defense Team at the conclusion of any meeting at which defendant reviews the Protected Materials. Defendant may not take any Protected Materials out of the room in which he is meeting with the Defense Team. Defendant may not write down or memorialize any PII contained in the Protected Materials. At the conclusion of any meeting with defendant, a member of his Defense Team shall take with him or her all Protected Materials. At no time, under any circumstances, will any Protected Materials be left in the possession, custody, or control of defendant, whether or not he is incarcerated.

19. The Defense Team may review Protected Materials with a witness or potential witness in this case, including defendant, subject to the requirement above that a member of the Defense Team must be present if Protected Materials are being shown to defendant. Before showing a witness or potential witness any portion of the Protected Materials, a member of the Defense Team must provide that person with a copy of the Protective Order. No witness or potential witness may retain Protected Materials, or any copy thereof, after his or her review of those materials with the Defense Team is complete.

20. This Order does not limit employees of the United States Attorney's Office for the Eastern District of California from disclosing the Protected Materials to members of the United States Attorney's Office, federal law enforcement agencies, and to the Court and defense as necessary to comply with the government's discovery obligations.

21. Defense Counsel shall advise the government with reasonable notice of any subpoenas, document requests, or claims for access to the Protected Materials by third parties if Defense Counsel is considering disseminating any of the Protected Materials to a third party, in order that the government may take action to resist such demands as it may deem appropriate.

**D. Ensuring Security of Protected Materials**

22. The Defense Team shall maintain the Protected Materials safely and securely, and shall exercise reasonable care in ensuring the security and confidentiality of the Protected Materials by storing the Protected Materials in a secure place, such as a locked office.

///

///

23. To the extent that Protected Materials, or any copies or reproductions thereof, are stored electronically, the Protected Materials will be stored on a password-protected or encrypted storage medium or device.

24. If a member of the Defense Team makes, or causes to be made, any further copies of any of the Protected Materials, Defense Counsel will ensure that the following notation is written, stamped or inscribed on each copy: "PROTECTED MATERIALS- SUBJECT TO PROTECTIVE ORDER." For example, if Defense Counsel makes a copy of a disc or physical file containing Protected Materials, the duplicate disc or file must be marked with the above notation.

### E. Filings

25. In the event that a party needs to file Protected Materials containing PII with the Court, the PII shall be redacted or the filing shall be made under seal.

### F. Conclusion of Prosecution

26. The provisions of this Order shall not terminate at the conclusion of this prosecution. All Protected Materials subject to the Protective Order maintained in the Defense Team's files shall remain subject to the Protective Order unless and until such Order is modified by the Court.

27. Upon final disposition of the case, including exhaustion of direct and collateral appellate proceedings, Defense Counsel shall return the Protected Materials to the government, or certify in writing that the Protected Materials have been destroyed, or, if Defense Counsel seeks to maintain the Protected Materials in the Defense Team's files beyond final disposition of the case, seek modification of this provision from the Court. If any Protected Materials are used as defense exhibits, they shall be maintained with government exhibits so long as those are required to be maintained.

### G. Termination or Substitution of Counsel

28. In the event that there is a substitution of counsel prior to final disposition of the case, new counsel of record must join this Protective Order before any Protected Materials may be transferred from the undersigned defense counsel to the new defense counsel. Upon consenting to this Order, new defense counsel will become Defense Counsel for purposes of this Protective Order and shall then become responsible, upon the conclusion of appellate and post-conviction proceedings, for complying with the provisions set forth in Paragraphs 26-27 above. All members of the Defense Team, whether

current or past counsel, are at all times subject to the Protective Order and are not relieved by termination of representation or conclusion of the prosecution.

### H. <u>Modification of Order</u>

29. Nothing in this Order shall prevent any party from seeking modification of this Order or from objecting to discovery it otherwise believes to be improper. Nothing in this Order shall prevent any party from seeking a more restrictive protective order with regard to particular discovery items.

### I. <u>Violation of Order</u>

30. Any person who willfully violates this Order may be held in contempt of court and may be subject to monetary of other sanctions as deemed appropriate by the Court.

### J. <u>Application of Laws</u>

31. Nothing in this Order shall be construed to affect or comment on the admissibility or discoverability of the Protected Materials.

**[CONTINUED ON NEXT PAGE]**

32. Nothing in this Order shall be construed to affect the application of and the parties' compliance with the Federal Rules of Criminal Procedure, Local Rules, and applicable statutes.

Dated: October 22, 2019  McGREGOR W. SCOTT
United States Attorney

By: /s/ DAVID W. SPENCER
DAVID W. SPENCER
JUSTIN L. LEE
Assistant United States Attorneys

Dated: October 22, 2019  /s/ LEXI NEGIN
LEXI NEGIN
JEROME PRICE
Counsel for Defendant
Jason Raysean Broadbent

## [~~PROPOSED~~] FINDINGS AND ORDER

The Court having read and considered the Stipulation and Joint Request for a Protective Order, which this Court incorporates by reference into this Order in full, hereby finds that GOOD CAUSE exists to enter the above Order.

IT IS SO FOUND AND ORDERED this 23rd day October, 2019.

THE HONORABLE EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE