UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 2:19-CR-00155-DJC |
| Plaintiff, | |
| v. | ORDER |
| JASON RAYSEAN BROADBENT, | |
| Defendant. | |

Defendant has moved to dismiss Counts Three and Four of the indictment, which charge Defendant with brandishing and discharging a firearm, respectively, during and in relation to a crime of violence under 18 U.S.C. § 924(c)(1)(A)(ii) and (iii). These counts are predicated on Counts One and Two which charge Defendant with assaulting, resisting, or impeding an officer under 18 U.S.C. § 111(b). The Motion to Dismiss argues that section 111(b) is not categorically a "crime of violence" and therefore cannot serve as a predicate offense. Without this predicate, Defendant argues, the section 924 claims must necessarily fail.

As discussed below, section 111(b) is considered a crime of violence in not only the Ninth Circuit, but in every circuit court to have considered the issue. Accordingly, Defendant's Motion is DENIED.

////

////

1

## I. Background

Defendant Jason Broadbent was arrested on November 19, 2015 on charges of possession with intent to distribute methamphetamine and possession of unregistered weapons. (Indictment (ECF No. 1) at 1.) The circumstances of the arrest are relevant to Counts Three and Four. While officers were executing a search warrant, Defendant, who was asleep in the bedroom, woke up and shot a firearm through the wall. (Mot. to Sup. (ECF No. 51) at 9.) He then proceeded to run out of the house and into the backyard, and allegedly pointed a gun at officers while scaling a fence. (*Id.*)

Defendant's conduct during the officers' execution of the search warrant forms the bases of Counts One through Four, which include two counts for forcibly assaulting, resisting, or impeding an officer, one count for brandishing a firearm, and one count for discharging a firearm during or in relation to a crime of violence. (Indictment at 1.)

Defendant filed this Motion to Dismiss Counts Three and Four (Mot. to Dismiss (ECF 54)) and the Government had opposed the Motion (Opp'n to Mot. to Dismiss (ECF No. 62). Oral argument was heard on the Motion on October 5, 2023 with Mia Crager and Jerome Price appearing for Defendant, and David W. Spencer and Justin Lee appearing for the Government.

## II. Legal Standard for Motion to Dismiss

A Defendant may bring a pre-trial Motion to Dismiss a charge for failure to state an offense under Federal Rule of Criminal Procedure 12(b)(3)(B)(v). The court is bound by the "four corners" of the indictment, and "must accept the truth of the allegations in the indictment in analyzing whether a cognizable offense has been charged." *United States v. Boren*, 278 F.3d 911, 914 (9th Cir. 2002).

## III. Discussion

Defendant argues that the gun enhancement charges in Counts Three and Four, under 18 U.S.C. § 924(c)(1)(A)(ii) and (iii), fail to state an offense because there is

no appropriate predicate crime of violence charged. Counts Three and Four are based on Counts One and Two, which charge Defendant with violations of 18 U.S.C. § 111(b). Section 111(a) makes it a crime to forcibly assault, resist, oppose, impede, intimidate, or interfere with an officer engaged in official duty, and section 111(b) provides an enhancement for committing the act while using "a deadly or dangerous weapon" or for inflicting bodily injury while committing the act. 18 U.S.C.A. § 111(a)–(b). Section 924(c)(3)(A) defines a crime of violence as "an offense that is a felony" and "has as an element the use, attempted use, or threatened use of physical force against the person or property of another."[1] 18 U.S.C. § 924(c)(3)(A).

Defendant argues that section 111(b) is not categorically a crime of violence because it may be committed without sufficient *mens rea* to constitute a crime of violence, and without the use of violent force. Defendant's position is foreclosed by the Ninth Circuit's ruling in *United States v. Juvenile Female*, in which the court ruled that "'assault involving a deadly or dangerous weapon or resulting in bodily injury,' under 18 U.S.C. § 111, is, categorically, a crime of violence." 566 F.3d. 943, 947 (9th Cir. 2009). Defendant argues that *Juvenile Female* is not binding because the court failed to consider "the *mens rea* question" required by *Leocal v. Ashcroft*, 543 U.S. 1, 6 (2004), and because the case has been abrogated by the Supreme Court's ruling in *Curtis Johnson v. United States*, 559 U.S. 133, 140 (2010), which requires *violent* force – "that is, force capable of causing physical pain or injury to another person" – to establish a crime of violence.

**A. *Mens Rea* Requirement**

The *mens rea* required for a crime to qualify as a "crime of violence" must rise above negligence or recklessness. *See Leocal v. Ashcroft*, 543 U.S. 1, 6 (2004) (DUI offenses which either do not require any *mens rea* or only require negligence could not qualify as crimes of violence); *Fernandez-Ruiz v. Gonzales*, 466 F.3d 1121, 1130

---

[1] The other definition of a crime of violence provided under section 924(c)(3)(B) has been deemed unconstitutionally vague. *United States v. Davis*, 139 S. Ct. 2319, 2336 (2019).

(9th Cir. 2006) ("[N]either recklessness nor gross negligence is a sufficient *mens rea* to establish that a conviction is for a crime of violence . . . ."). Defendant argues that *Juvenile Female* did not address the *mens rea* required to establish a violation of the bodily injury requirement under section 111(b) (instead only addressing the *mens rea* required for the dangerous weapon prong), and that the ruling therefore leaves the door open to finding that less-than-intentional conduct could satisfy section 111(b).

In *Juvenile Female*, the Ninth Circuit at the outset of its analysis stated that "[t]o constitute an assault, an action must be either a willful attempt to inflict injury upon the person of another, or . . . a threat to inflict injury upon the person of another . . . ." 566 F.3d at 947 (quoting *United States v. Chapman*, 528 F.3d 1215, 1219–20 (9th Cir. 2008)). This language makes clear that the *mens rea* required to constitute assault under section 111, regardless of whether the assault is with a dangerous weapon or results in bodily injury, does rise above the level of negligence or recklessness, requiring a "willful attempt" or "threat to inflict." Moreover, *Leocal* is not intervening authority. The Ninth Circuit was aware of the existing precedent set by *Leocal* five years before the *Juvenile Female* decision and cited it throughout *Juvenile Female*. The Court presumes the Ninth Circuit decided *Juvenile Female* in accordance with this existing, binding precedent, and the Court continues to be bound by that decision.[2]

**B. Violent Force**

Defendant next argues that section 111(b) does not require the violent force necessary under *Johnson* because bodily injury can result from less than violent force, and because "mere touching" with a dangerous weapon would be a violation of 111(b). In this way, Defendant contends, *Johnson* has overruled *Juvenile Female* which did not explicitly require violent force.

---

[2] The Court observes that other circuits courts which have considered this exact argument have found that section 111(b) necessarily requires willful intent to either inflict or threaten to inflict bodily injury. *United States v. Bates*, 960 F.3d 1278, 1287 (11th Cir. 2020) (rejecting the argument that "one may accidentally commit a forcible assault that results in bodily injury"); *United States v. Taylor*, 848 F.3d 476, 494 (1st Cir. 2017) (same).

4

The Ninth Circuit explicitly rejected this argument in *United States v. Gobert*. 943 F.3d 878, 881 (9th Cir. 2019). In *Gobert,* the Ninth Circuit interpreted *Juvenile Female* to have articulated the violent force standard required under *Johnson* by holding that a defendant "*must have always* threatened the use of physical force" to satisfy section 111(b).[3] *Id.* (quoting *Juvenile Female*, 566 F.3d at 948) (emphasis in original). Relying on *Juvenile Female,* the *Gobert* court found that a similarly worded statute also required, at a minimum, the threatened use of violent force. *Id.* at 882. As such, *Gobert* affirmed the continuing vitality of *Juvenile Female* after the Supreme Court's decision in *Johnson*. Even if this Court accepted Defendant's argument that *Johnson* imposes a heightened force requirement, *Johnson* is not "clearly inconsistent" with the holding in *Juvenile Female* such that it would abrogate the ruling. *United States v. Walker*, 953 F.3d 577, 580 (9th Cir. 2020) (discussing the high bar to find that prior precedent has been overruled). As evidenced by *Gobert*, *Juvenile Female* remains binding precedent even in light of *Johnson*.

Despite being bound by *Juvenile Female*, the Court will address Defendant's assertion that 111(b) does not meet the violent force requirement. Defendant's first argument is that bodily injury can result from less than deadly force, as in the case of an "eggshell" victim. The theory is that some victims have sensitivities such that even a slight touch could cause them grave bodily injury. But although Defendant asserts that "[t]he case law is so rife with examples of such incidents that the term 'eggshell' victim is common legal parlance," Defendant fails to identify any "real-world examples of section 111(b) being applied in a manner that is beyond the scope of 'crime of

////

---

[3] In *United States v. Bell*, the Northern District of California considered a similar argument that *Johnson* abrogated *Juvenile Female* because the Ninth Circuit failed to "explicitly identify the particular level of force required for a section 111(b) conviction." 158 F. Supp. 3d 906, 915 (N.D. Cal. 2016). However, as the Northern District Court explained, other Ninth Circuit precedent had already established that there was a "violent force" requirement for a crime of violence. *Id.* (citing *Sareang Ye v. I.N.S.*, 214 F.3d 1128, 1133 (9th Cir. 2000) (holding that "the force necessary to constitute a crime of violence [] must actually be violent in nature").

violence' as defined in the section 924(c)(3) force clause." *United States v. Bell*, 158 F. Supp. 3d 906, 916 (N.D. Cal. 2016).

While Defendant points to examples of convictions under section 111(a) for slight touching such as an elbow jab or spitting, these did not result in bodily injury. The categorial approach "requires more than the application of legal imagination;" the Defendant must point to another case in which the statute was in fact applied in the way Defendant asserts. *Gonzales v. Duenas-Alvarez*, 549 U.S. 183, 193 (2007); *Bell*, 158 F. Supp. 3d at 916.

Similarly, Defendant asserts that "mere touching" with a dangerous weapon would constitute a violation of section 111(b). In support, Defendant cites examples of officers taunting each other with guns, such as shoving a gun into another officer's mouth or genitals. *See, e.g.*, *Villarini v. Safir*, 669 N.Y.S. 2d 21, 22 (N.Y. App. Div. 1998); *Hawkins v. Holloway*, 316 F.3d 777, 782 (8th Cir. 2003); *Molera v. City of Nogales*, No. CV-11-00097-TUC-JGZ, 2013 WL 4804292, at *1 (D. Ariz. Sept. 9, 2013). Despite none of these officers being prosecuted under section 111(b), Defendant contends that these are examples of assault with a dangerous weapon which do not use violent force.

The *Johnson* court recognized that violent force is that which is "*capable of causing physical pain or injury to another person.*" *Johnson*, 559 U.S. at 140 (emphasis added). "Even the 'least touching' with a deadly weapon or instrument . . . is violent in nature and demonstrates at a minimum the threatened use of actual force." *United States v. Grajeda*, 581 F.3d 1186, 1192 (9th Cir. 2009). Thus, the threatened use of force with a dangerous weapon, even a mere touching, is at the very least *capable* of causing physical injury as required under *Johnson* and meets the violent force requirement. The examples cited by Defendant would be considered violent force as defined by *Johnson* and Ninth Circuit caselaw. As such Defendant has not shown that a violation of section 111(b) can be established with less than violent force.

Defendant has failed to establish that *Juvenile Female* was incorrectly decided or abrogated. This Court is bound by the Ninth Circuit decision – and persuaded by every other Circuit Court to have addressed this issue[4] – in determining that section 111(b) is a crime of violence and an appropriate predicate offense for Counts Three and Four.

### C.  Overbreadth and Vagueness

Defendant also argues that section 111 is "overbroad" because it sweeps in a broad range of conduct which does not require the use of any force, such that a person would not be put on notice that it could serve as a predicate offense for section 924(c). Defendant argues that because section 111 "prohibits not only assaulting, but also resisting, opposing, impeding, intimidating, or interfering with a federal officer . . . " it "appears to sweep in conduct that does not require use of force." (Mot. at 12.)

Although Defendant argues that the statute is "overbroad," it appears that Defendant means to challenge the statute for vagueness. A statute is overbroad if it substantially impedes constitutionally protected activity beyond what the statute is intended to restrict. *See Vill. of Hoffman Ests. v. Flipside, Hoffman Ests., Inc.*, 455 U.S. 489, 495 (1982). This doctrine is primarily applied in the First Amendment context where the statute impedes protected speech. *See United States v. Salerno*, 481 U.S. 739, 745 (1987) ("[W]e have not recognized an "overbreadth" doctrine outside the limited context of the First Amendment.");[5] *United States v. Hansen*, 599 U.S. 762, 769

---

[4] *See United States v. Taylor*, 848 F.3d 476, 493 (1st Cir. 2017); *Gray v. United States*, 980 F.3d 264, 266 (2d Cir. 2020); *United States v. Bullock*, 970 F.3d 210, 215 (3d Cir. 2020); *United States v. Lewis*, 724 F. App'x 269, 270 n.1 (4th Cir. 2018); *United States v. Hernandez-Hernandez*, 817 F.3d 207, 217 (5th Cir. 2016); *United States v. Rafidi*, 829 F.3d 437, 444 (6th Cir. 2016); *United States v. Godinez*, 7 F.4th 628, 634 (7th Cir. 2021) (applying the section 924 enhancement to a violation of section 111(b)); *United States v. Medearis*, 65 F.4th 981, 987 (8th Cir. 2023); *United States v. Murphy*, 705 F. App'x 775, 776 (10th Cir. 2017); *United States v. Bates*, 960 F.3d 1278, 1287 (11th Cir. 2020); *United States v. Quaglin*, 851 F. App'x 218 (D.C. Cir. 2021).

[5] Overbreadth has also been applied where the conditions of supervised release restricted more of a defendant's liberty than necessary to accomplice the stated goals. *See, e.g.*, *United States v. Wolf Child*, 699 F.3d 1082, 1091 (9th Cir. 2012).

7

(2023) ("An overbreadth challenge is unusual.")  "In a facial challenge to the overbreadth . . . of a law, a court's first task is to determine whether the enactment reaches a substantial amount of constitutionally protected conduct.  If it does not, then the overbreadth challenge must fail." *Vill. of Hoffman*, 455 U.S. at 495.  Here, Defendant does not argue that the section 111 impedes any constitutionally protected conduct and thus cannot establish an overbreadth challenge.  *See United States v. Lee*, 183 F.3d 1029, 1033 (9th Cir. 1999) (defendant could not establish an overbreadth challenge to the Arms Export Control Act where they did not assert that the statute inhibited the exercise of any constitutionally protected right).

        Defendant references the overbreadth analysis in *United States v. Vederoff*, 914 F.3d 1238, 1247 (9th Cir. 2019) which involves a different legal question.  *Vederoff* addresses the "modified categorical approach" which is used to determine whether a state statute qualifies as a crime violence for sentencing purposes.  *Id.* at 1243.  For sentencing, a federal court must determine if a state statue punishes the same conduct as the federal generic offense, or if it punishes additional, lesser conduct, *i.e.*, if the state statute is "overbroad" as compared to the generic federal offense.  *Id.* at 1244.  In such an instance, courts must look to the record to determine whether the specific conviction was for conduct that would qualify as a crime of violence under federal law.  *Id.*  This framework has no apparent application outside of sentencing.

        Instead, it appears that Defendant is attempting to argue that section 111(b) is unconstitutionally vague.  (*See* Mot. at 13 (arguing that the statute "does not give the public fair notice that it defines a crime of violence").)  In order to comport with due process, "a penal statute [must] define the criminal offense with sufficient definiteness that ordinary people can understand what conduct is prohibited and in a manner that does not encourage arbitrary and discriminatory enforcement." *Kolender v. Lawson*, 461 U.S. 352, 357 (1983); *see also Johnson v. United States*, 576 U.S. 591, 596 (2015) ("a criminal law so vague that it fails to give ordinary people fair notice of the conduct it punishes, or so standardless that it invites arbitrary enforcement" violates due

8

process). A challenger "must demonstrate that the law '(1) does not define the conduct it prohibits with sufficient definitiveness and (2) does not establish minimal guidelines to govern law enforcement.'" *Easyriders Freedom F.I.G.H.T. v. Hannigan*, 92 F.3d 1486, 1493 (9th Cir. 1996) (quoting *United States v. Davis*, 36 F.3d 1424, 1434 (9th Cir.1994)), *cert. denied*, 513 U.S. 1171 (1995)). When evaluating whether a statute is unconstitutionally vague, "every reasonable construction must be resorted to, in order to save a statute from unconstitutionality." *Chapman v. United States*, 500 U.S. 453, 464 (1991).

"Where a law at issue 'does not implicate First Amendment rights, it may be challenged for vagueness only as applied,' unless the enactment is 'impermissibly vague in all of its applications.'" *Easyriders*, 92 F.3d at 1493 (quoting *Schwartzmiller v. Gardner*, 752 F.2d 1341, 1348 (9th Cir.1984)). It is unclear whether Defendant attempts to make an as applied or facial challenge to the law, but either way, the challenge fails.

The cases cited by Defendant in support of his argument actually counsel against a finding of vagueness. First, in *United States v. Chapman*, the Ninth Circuit made clear that section 111(a) requires, at a minimum, conduct which also amounts to an assault. 528 F.3d 1215, 1219, 1221–22 (9th Cir. 2008). Although the Ninth Circuit conceded that the statute is "inartfully drafted" it went on to state that any other reading of the statute would lead to "absurd results." *Id.* at 1219, 1220–21. "The fact that Congress might, without difficulty, have chosen '[c]learer and more precise language' equally capable of achieving the end which it sought does not mean that the statute which it in fact drafted is unconstitutionally vague." *United States v. Powell*, 423 U.S. 87, 94 (1975) (quoting *United States v. Petrillo*, 332 U.S. 1, 7 (1947)). In fact, the *Chapman* court addressed whether section 111(a) was unconstitutionally vague and determined that it was sufficiently clear that at least an assault was required to violate the section. *Chapman*, 528 F.3d at 1220. Similarly, in *Jereb*, the Tenth Circuit held that despite the district court and defense counsel's failure to include assault as

an element of the offense, it was "clear and obvious" from the Circuit's prior cases that assault was an element of every offense under section 111. *United States v. Jereb*, 882 F.3d 1325, 1336 (10th Cir. 2018).

Further, while it is true that "a defendant may be convicted of violating section 111[(a)] if he or she uses any force whatsoever" *United States v. Sommerstedt*, 752 F.2d 1494, 1496 (9th Cir. 1985), the subsection at issue here, section 111(b), requires more than the simple assault sufficient for 111(a); it requires the use of violent force by virtue of the bodily injury or dangerous weapon element as discussed above. This is clear from the face of the statute as 111(b) incorporates section 111(a) and provides an enhancement for an assault carried out with a weapon or which results in bodily injury. As such, section 111(b) provides sufficient notice that a violation of the section would be a crime of violence and could serve as a predicate offense for section 924(c). Defendant does not cite any case that holds to the contrary.

As applied, there is no question that Defendant's alleged conduct is punishable by section 111(b) or that it qualifies as a crime of violence for purposes of section 924(c). By allegedly discharging and brandishing a firearm at police officers, Defendant's conduct plainly fell within the purview of section 111(b) ("assault involving a deadly or dangerous weapon"), which plainly satisfies the definition of a crime of violence under section 924(c) (a "felony" which "has as an element the use, attempted use, or threatened use of physical force against the person . . . of another.") Thus, Defendant's vagueness challenge fails.

////

////

////

////

////

////

////

### IV.     Conclusion

For the above reasons Defendant's Motion to Dismiss Counts Three and Four is DENIED.

IT IS SO ORDERED.

Dated:  **October 18, 2023**

Hon. Daniel J. Calabretta
UNITED STATES DISTRICT JUDGE

DJC2 – 19cr00155