UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

UNITED STATES OF AMERICA,

Plaintiff,

v.

JASON RAYSEAN BROADBENT,

Defendant.

No. 2:19-CR-00155-DJC

ORDER

Before the Court is a Motion to Suppress evidence collected during the execution of a search warrant on the home of Defendant's girlfriend and accomplice Noemi Parra-Tang, and a search warrant on Defendant's own home. (Mot. Suppress ("Mot.") (ECF No. 51) at 1.) Defendant argues that the search warrant lacked a basis for finding probable cause to search Parra-Tang's home, that the affiant, Corporal Lewis LeFlore, made intentional or reckless omissions which, if included, would have defeated probable cause to search Parra-Tang's home, and that both warrants failed to state with particularity the items to be searched and seized. (*Id.*) Defendant requested that the Court conduct a *Franks* hearing on the alleged omissions (*id.* at 15), which the Court denied in its Order (ECF No. 83) issued October 6, 2023, following the October 5, 2023 hearing on this motion.

For the reasons below, Defendant's Motion to Suppress is DENIED.

## I. Background

On November 17, 2015, the Woodland Police Department obtained a warrant to search the homes of Defendant Jason Broadbent and his girlfriend and accomplice Parra-Tang, among other locations connected to different individuals involved in the same criminal scheme (the "Yolo County warrants"). (Mot. at 1–2.) The warrant was issued based on the affidavit of Corporal Lewis LeFlore with the Woodland Police Department. (Aff. (ECF No. 60-3) at 1.)

The police attempted to execute the warrant at Parra-Tang's residence ("the 17th Avenue residence") on the morning of November 19, 2015, but Defendant, who was asleep in the bedroom, woke up and shot a firearm through the wall. (Mot. at 9.) He then proceeded to run out of the house and into the backyard, and allegedly pointed a gun at officers while scaling a fence. (*Id.*) The officer then opened fire on Defendant, and Defendant was hospitalized for his injuries. (*Id.*)

The officers halted their execution of the search, and a homicide detective obtained a second warrant from Sacramento County to specifically investigate the shooting (the "Sacramento County warrant"). (Opp'n to Mot. to Suppress ("Opp'n") (ECF No. 63) at 9.) Later that day, after the Sacramento County warrant was executed, the officers completed execution of the Yolo County warrant on Parra-Tang's residence and seized drugs, firearms, a pipe bomb, and other evidence which allegedly belongs to Defendant. (*Id.*) Officers also searched the home of Defendant on November 19, 2015. (Mot. at 9.)

Defendant filed the instant Motion to Suppress the evidence recovered at Parra-Tang's home and at his own home, (*see* Mot.), which the Government has opposed (*see* Opp'n). Oral argument was heard on the Motion on October 5, 2023 with Mia Crager and Jerome Price appearing for Defendant, and David W. Spencer and Justin Lee appearing for the Government.

////

////

## II. Legal Standard for Motion to Suppress

The Fourth Amendment provides, in relevant part, that the "right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated and no warrants shall issue, but upon probable cause." U.S. Const. amend. IV. "It is well settled under the Fourth and Fourteenth Amendments that a search conducted without a warrant issued upon probable cause is per se unreasonable . . . subject only to a few specifically established and well-delineated exceptions." *Schneckloth v. Bustamonte*, 412 U.S. 218, 219 (1973). An accused person may move to suppress evidence obtained in violation of the Fourth Amendment's prohibition against unreasonable searches and seizures. *See, e.g., United States v. Calandra*, 414 U.S. 338, 341 (1974); Fed. R. Crim. P. 41(h). When deciding a motion to suppress, courts first determine whether a Fourth Amendment violation occurred, and then whether suppression is appropriate. *See Davis v. United States*, 564 U.S. 229, 236–39 (2011). The burden is on the accused to show that their Fourth Amendment rights were violated by the challenged search or seizure to have standing to challenge the admission of evidence. *Simmons v. United States*, 390 U.S. 377, 389–90 (1968).

When deciding whether a warrant was valid, courts must show deference to the magistrate judge's determination of probable cause. *Illinois v. Gates*, 462 U.S. 213, 236 (1983). Nonetheless, courts are "not to defer to a warrant based on an affidavit that does not provide the magistrate with a substantial basis for determining the existence of probable cause." *United States v. Leon*, 468 U.S. 897, 915 (1984) (internal quotation omitted). The affidavit supporting a search warrant must show a "'fair probability that contraband or evidence of a crime [would] be found in' defendant's home." *United States v. Hill*, 55 F.3d 479, 480 (9th Cir. 1995) (quoting *Gates*, 462 U.S. at 238).[1]

---

[1] A defendant must have standing to contest the search of another person's home or property. *See Minnesota v. Olson*, 495 U.S. 91, 99–100 (1990). Here, Defendant claims standing as an invited guest of

## III. Discussion

### A. Probable Cause

Defendant argues that there was not enough information to establish probable cause to search Parra-Tang's home because there was no nexus between her role as driver in the drug and gun trafficking conspiracy and her residence. Defendant further asserts that the statements establishing that the 17th Avenue residence was Parra-Tang's residence, and that Defendant frequented the residence, were unsupported conclusory statements which fail to establish a link between the 17th Avenue address and Parra-Tang.

In *Angulo-Lopez*, the Ninth Circuit held that "evidence is likely to be found where the dealers live," and that "a fair probability exists that drugs will be present at the . . . residence [of a drug dealer's assistant]." *United States v. Angulo-Lopez*, 791 F.2d 1394, 1399 (9th Cir. 1986). Further, evidence that a suspect had been carrying drugs in their car is sufficient to support probable cause for searching a residence. *See United States v. Peacock*, 761 F.2d 1313, 1315 (9th Cir. 1985), *abrogated on other grounds by Gomez v. United States*, 490 U.S. 858, 862 (1989). "Direct evidence that contraband or evidence is at a particular location is not essential to establish probable cause to search the location." *Id.*

Here, the affidavit supports a finding that Parra-Tang assisted Defendant with drug and firearm deals. Parra-Tang was not only observed on multiple occasions driving Defendant, but also participated in selling heroin and a firearm to an undercover agent, (Aff. 6:31–37), assisted Defendant with removing a firearm which was being sold to an undercover agent, (*id.* at 7:13–14), engaged in evasive driving, (*id.* at 10:23–28), and acted as a lookout during deals after driving Defendant, (*id.* at 15:22–27). In June 2015, Parra-Tang had been arrested with a pound of methamphetamine and a loaded handgun while in a car with Defendant. (*Id.* at 16:6–

---

Parra-Tang and the Government does not challenge standing.

13). This evidence of Parra-Tang assisting defendant is sufficient to presume contraband in her home. Further, on October 28, 2015, Parra-Tang and Defendant were observed walking in and out of her residence while "adding or organizing" items within the trunk of a known drug dealer, which provides more direct evidence that she was storing contraband in the residence. (Aff. at 55.) The affidavit therefore contained sufficient evidence to support probable cause to search Parra-Tang's residence for drugs and firearms.

Despite the affidavit's arguably conclusory statement that the 17th Avenue address was the "known residence" of Parra-Tang, the affidavit provides additional facts to establish that the 17th Avenue residence was in fact Parra-Tang's. The affidavit states that the car Parra-Tang drove was registered to that address, and that officers observed Parra-Tang parking in front of the residence. Further, they observed Parra-Tang access the residence on multiple occasions. While a "wholly conclusory statement," *Gates*, 462 U.S. at 239, would fail to support probable cause, the facts here provided a sufficient basis for the magistrate to reasonably infer that the 17th Avenue residence was where Parra-Tang resided.

Defendant also takes issue with the affidavit's statement that Defendant "frequented" the Parra-Tang residence. Regardless of whether this statement is conclusory or unsupported, whether Defendant "frequented" the residence is irrelevant to a finding of probable cause to search the residence. As described above, Parra-Tang was a separate suspect, and her personal activity in the trafficking conspiracy established probable cause to search her residence independent of Defendant's connection to her home.

### B. Omitted Evidence and the *Franks* Hearing Request

Defendant asserts that the affiant selectively omitted information which would have cast doubt on a finding of probable cause to search Parra-Tang's home if it had been included, and requests a *Franks* evidentiary hearing to determine whether

////

the omissions were made "knowingly and intentionally, or with reckless disregard for the truth." *United States v. Elliott*, 322 F.3d 710, 714 (9th Cir. 2003).

A defendant is entitled to a *Franks* hearing if they make "a substantial preliminary showing that (1) the affidavit contains intentionally or recklessly false statements or misleading omissions, and (2) the affidavit cannot support a finding of probable cause" if the omitted information is included. *United States v. Reeves*, 210 F.3d 1041, 1044 (9th Cir. 2000). "A misrepresentation based on an omission is material only where the omitted facts 'cast doubt on the existence of probable cause.'" *Crowe v. Cnty. of San Diego*, 608 F.3d 406, 435 (9th Cir. 2010) (quoting *United States v. Garza*, 980 F.2d 546, 551 (9th Cir. 1992)). "If inclusion of the omitted facts would not have affected the probable cause determination, no *Franks* hearing is required." *Reeves*, 210 F.3d at 1044.

***Intentional or Reckless Omissions***

In order to make a "substantial preliminary showing" of intentionality or recklessness the Defendant must provide sufficient evidence to support an inference that the affiant knew of the omitted information and that the omission of the information led the affidavit to be misleading. *See United States v. Perkins*, 850 F.3d 1109, 1116–17 (9th Cir. 2017); *United States v. Meling*, 47 F.3d 1546, 1554 (9th Cir. 1995). "Clear proof of deliberate or reckless omission is not required. Such proof is reserved for the evidentiary hearing. At this stage, all that is required is that the defendant make a substantial showing that the affiant intentionally or recklessly omitted facts required to prevent . . . the affidavit from being misleading." *United States v. Stanert*, 762 F.2d 775, 781 (9th Cir.), *amended*, 769 F.2d 1410 (9th Cir. 1985) (citing *United States v. Chesher*, 678 F.2d 1353, 1362 (9th Cir.1982)) (citation omitted).

Corporal Leflore was presumably aware of the omitted information which was contained in the wiretap reports he referenced in the affidavit. Those conversations, in the very least, were relevant to whether Parra-Tang was storing guns and/or drugs in her home. The reporting officer's summary indicates an understanding that Parra-

Tang may have been requesting that Defendant stop storing drugs in her home, and that Parra-Tang may have sold a gun she had stored in her home: "PARRA-TANG indicate[d] to BROADBENT that she does not want BROADBENT storing drugs at her house and that she needs money so she is going to sell a gun that is at her residence." (ECF No. 51-1, Ex. O at 1.) This conversation, coupled with other omitted conversations where Defendant thereafter directs customers to his home to pick up or buy contraband, (*see* ECF No. 51-1, Exs. P, Q, R and S), was at least relevant to whether there was a likelihood of finding guns or drugs at Parra-Tang's residence. See *United States v. Grant*, 682 F.3d 827, 835 (9th Cir. 2012) ("[T]he affidavit must support an inference that [the evidence] is presently in the residence to be searched, regardless of its past position.") Further, Parra-Tang's argument with and rebuke of Defendant, and her subsequent refusal to participate in a drug deal with Defendant on November 5, 2015 may have also affected a determination about the presence of contraband in her home. (ECF No 51-1, Ex. S, at 2-3.)

While Corporal Leflore may have concluded, as the government argues in its opposition, that the omitted conversations actually supported probable cause – because they indicate that Parra-Tang was in fact storing drugs and guns at her house and provide further support of Defendant dealing drugs from his own home – such a conclusion was not up Corporal LeFlore to make. This information was relevant to determining probable cause to search her home, and an officer has a duty to provide all the relevant information to the magistrate; it is up to the magistrate to decide which conclusions are to be drawn from the information. *Perkins*, 850 F.3d at 1116; *United States v. Underwood*, 725 F.3d 1076, 1081 (9th Cir. 2013) ("An affidavit must recite underlying facts so that the issuing judge can draw his or her own reasonable inferences and conclusions . . . .").

The omission must also be misleading to the magistrate to establish that it was made knowingly or in reckless disregard of the truth. In *Stanert* the affiant stated that Defendant has been arrested for possession of cocaine in Panama, but failed to

mention that he was not convicted. 762 F.2d 780. Such an omission would have led the magistrate to believe that the defendant had in fact been convicted of possession of cocaine. *Id.* Similarly, in *Perkins*, the affiant failed to mention that Canadian authorities had dropped the charges against the defendant after determining an image was not child pornography, despite including statements that the official initially believed the image was pornographic. *Perkins*, 850 F.3d at 1117.

Here, the evidence as presented in the affidavit portrays Parra-Tang as having a consistent role in the trafficking scheme whereas the omitted evidence arguably calls into question whether she was still a participant in the criminal scheme and the likelihood that guns and drugs were being stored at the residence. Corporal LeFlore's failure to include this potentially exculpatory evidence was therefore at least somewhat misleading to the magistrate. Defendant has likely met his burden of showing that Corporal LeFlore at least recklessly omitted evidence he was aware of, which may have led the affidavit to be misleading.

***Effect on Probable Cause***

Having found that the affiant knowingly omitted relevant information from the search warrant, the Court turns to "whether probable cause remains once the evidence presented to the magistrate judge is supplemented with the challenged omissions." *United States v. Ruiz*, 758 F.3d 1144, 1148 (9th Cir. 2014) (quoting *Ewing v. City of Stockton*, 588 F.3d 1218, 1224 (9th Cir. 2009)). The evidence that Parra-Tang was a participant in the drug and firearm trafficking ring for many months as the driver, had driven Defendant to a deal within a month of the warrant, and that she had been arrested with drugs months prior, would have supported probable cause to search her home even with the inclusion of the omitted information.

While the omitted information might have cast some doubt on whether there were drugs or guns at the Parra-Tang residence, it does not overshadow the other evidence outlined above in Section III.A to such an extent that it defeats probable cause. The Court does not agree with Defendant's position that the statements are

clearly exculpatory as they can be read as being exculpatory and inculpatory. When Parra-Tang refuses to help Defendant with a sale it is unclear if her refusal is evidence of her withdrawing from the conspiracy, if it is because she isn't home as she states, or because she is upset about Defendant for spending too long inside with another woman the day prior (as evident in other omitted conversations). When Parra-Tang expressed displeasure with Defendant storing drugs at her house, she did not affirmatively ask him to remove the drugs, or state that she was planning to remove the drugs, which could imply that the drugs were still there. Further, the fact that Parra-Tang was intending to sell a gun tends to show that she was involved in the conspiracy.

But even if the conversations were understood by the magistrate in their most extreme reading to mean that Parra-Tang had withdrawn from the conspiracy, "probable cause may continue for several weeks, if not months, of the last reported instance of suspect activity." *Angulo-Lopez*, 791 F.2d at 1399. Because the last reported incident in the affidavit occurred on October 28, 2015, within weeks of the warrant request, the affidavit would have still supported probable cause to search her home.

Because Defendant cannot establish that the omitted information would have defeated a determination of probable cause to search Parra-Tang's residence, a Franks hearing is not warranted.

**C. Particularity**

Finally, Defendant argues that the warrant failed to state with particularity the items to be seized at both Defendant's and Parra-Tang's residences. Because the Fourth Amendment protects against general searches, a warrant must describe with particularity the places to be searched and the items to be seized. *United States v. Mann*, 389 F.3d 869, 878 (9th Cir. 2004) (citing *United States v. Spilotro*, 800 F.2d 959, 963 (9th 1986)).

////

Here, the warrant purports to rely on attachments which describe those items to be searched and seized, but the attachments were missing from the warrant as produced to defense counsel. However, in their Opposition, the Government has included an affidavit from Corporal LeFlore, signed September 14, 2023, which includes the missing attachments and confirms that the attachments were included in the original warrant. (Opp'n, Ex. 1 (ECF No. 63-1).)

While Defendant is skeptical of the truthfulness of Corporal LeFlore's recent affidavit and asked for an evidentiary hearing to cross examine Corporal LeFlore, skepticism alone is not a basis for the Court to hold a hearing. "A hearing is not required on a motion to suppress if the grounds for suppression consist solely of conclusory allegations of illegality. An evidentiary hearing must be held only when the moving papers allege facts which are sufficiently definite, clear, and specific to enable the trial court to conclude that contested issues of fact exist." *United States v. Ramirez-Garcia*, 269 F.3d 945, 947 (9th Cir. 2001) (citing *United States v. Wilson*, 7 F.3d 828, 834 (9th Cir.1993); *United States v. Howell*, 231 F.3d 615, 620 (9th Cir.2000), *cert. denied*, 534 U.S. 831 (2001)) (internal citations omitted). Given that the warrant itself references attachments, the Court will not assume the affiant has committed perjury, particularly without facts calling into question the veracity of the affidavit, and thus does not find a basis to conclude there is a contested issue of fact.

The Court finds that the warrant did include the attachments based on Corporal LeFlore's September 14, 2023 affidavit, and therefore stated with particularity the items to be seized.

////

////

////

////

////

////

**IV. Conclusion**

Defendant has failed to carry his burden of establishing that a Fourth Amendment violation occurred, and there is therefore no basis for suppressing the evidence. Accordingly, IT IS HEREBY ORDERED that Defendant's Motion to Suppress is DENIED.

IT IS SO ORDERED.

Dated: **October 26, 2023**

Hon. Daniel J. Calabretta
UNITED STATES DISTRICT JUDGE

DJC2 – 19cr00155.mtsuppress