UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>JASON RAYSEAN BROADBENT,<br><br>Defendant. | No. 2:19-CR-00155-DJC<br><br><br><br>ORDER |

Defendant brings the present Rule 14 Motion to Sever ("the Motion") the charges against him on the basis that introduction of the evidence pertaining to the officer assault charges will unduly prejudice him as to the drug and gun possession charges, both because the evidence "evokes strong emotion," and because he has a need to testify as to the officer assault charges, but a strong reason to not testify as to the other charges. (Mot. to Sev. ("Mot.") (ECF No. 56) at 3; Reply (ECF No. 70) at 5–7.) For the reasons below, the Court will DENY Defendant's motion.

**I.      Background**

Defendant Jason Broadbent was arrested on November 19, 2015 for possession with intent to distribute methamphetamine, possession of unregistered weapons, and for being a felon in possession of firearms. (Indictment (ECF No. 1) at 1–2.) While officers were executing a search warrant on the home of his girlfriend,

Defendant, who was asleep in the bedroom, woke up and shot a firearm through the wall. (Mot. at 2.) He then proceeded to run out of the house and into the backyard, and allegedly pointed a gun at officers while scaling a fence. (*Id.*)

On September 5, 2019, the United States brought charges against Defendant for assault on a police officer (Counts One and Two), discharging a firearm during and in relation to a crime of violence (Count Three), brandishing a firearm during and in relation to a crime of violence (Count Four), possession with intent to distribute methamphetamine near a school (Count Five), possession with intent to distribute methamphetamine where children are present (Count Six), possession of a firearm in furtherance of a drug trafficking crime (Count Seven), possession with intent to distribute methamphetamine (Count Eight), possession of a firearm in furtherance of a drug trafficking crime (Count Nine), being a felon in possession of firearms (Counts Ten and Eleven), possession of an unregistered destructive device (Count Twelve), and possession of unregistered short-barreled machine guns (Counts Thirteen and Fourteen). (Indictment at 1.) Defendant has not challenged the joinder of these charges under Federal Rule of Criminal Procedure 8. (*See* Mot.; Reply.)

Defendant now moves the Court to sever Counts One through Four and Count Ten[1] from the remaining charges under Federal Rule of Criminal Procedure 14, arguing that trying the charges together will prejudice Defendant. (Mot.; Reply.) The Government had opposed the Motion. (Opp'n to Mot. to Sever (ECF No. 65).) Oral argument was heard on the Motion on October 5, 2023 with Mia Crager and Jerome Price appearing for Defendant, and David W. Spencer and Justin Lee appearing for the Government.

**II.    Legal Standard for Motion to Sever**

Rule 14 of the Federal Rules of Criminal Procedure provides that the Court may sever counts and conduct separate trials for those counts "[i]f the joinder of offenses

---

[1] Defendant initially moved the Court to sever Counts One through Four from the remaining charges, but altered his position in his Reply brief. (*See* Reply at 1 n.1.)

2

. . . appears to prejudice a defendant or the government . . . ." Fed. R. Crim. P. 14. Rule 14 requires the moving party to demonstrate "manifest prejudice" which is more "exacting" than the standard under Rule 8. *United States v. Jawara*, 474 F.3d 565, 579 (9th Cir. 2007). "The test is whether joinder is so manifestly prejudicial that it outweighs the dominant concern with judicial economy and compels the exercise of the court's discretion to sever." *United States v. Inzunza*, No. 03CR2434 JM, 2005 WL 8160867, at *2 (S.D. Cal. Mar. 10, 2005) (citing *United States v. Brashier*, 548 F.2d 1315, 1323 (9th Cir. 1976)). Even if there is prejudice, Rule 14 does not necessarily require severance; "rather, it leaves the tailoring of the relief to be granted, if any, to the district court's sound discretion." *Zafiro v. United States*, 506 U.S. 534, 538–39 (1993).

**III.     Discussion**

Defendant raises two primary arguments for why joinder of the charges will be prejudicial to him. First, he argues that the introduction of evidence related to his alleged assault of an officer and flight from the officer will evoke strong emotion in the jury which will in turn influence their verdicts as to the drug and firearms charges. Second, Defendant asserts that he has a strong need to testify that he was acting in self-defense when he shot at the officer, but that such testimony will necessarily lead to his prior felonies being admitted and cause prejudice as to the other charges to which he otherwise would not testify.

In determining whether joinder heightens the prejudice to a party, the Court first looks to whether "all of the evidence of the separate count would be admissible upon severance . . . ." *United States v. Johnson*, 820 F.2d 1065, 1070 (9th Cir. 1987). There is no prejudice if the same evidence will be admitted regardless of severance. *Id*. Even if the evidence of the separate counts would not be admissible, joinder generally does not cause prejudice when the evidence of each crime is simple and distinct. *Bean v. Calderon*, 163 F.3d 1073, 1085 (9th Cir. 1998); *see also Jawara*, 474 F.3d at 581.

Here the evidence in Counts One through Four, Ten, and Seven are somewhat overlapping. Each of these involve the same firearm, the Glock Model 27. For Counts One through Four, the evidence of the gun will be used to establish that Defendant fired the gun through a wall and evaded the officer while brandishing a gun. For Count Ten, the prosecution will use evidence of the gun to establish that Defendant possessed the gun. The gun will also be admitted as evidence as to Count Seven to establish possession of the gun in furtherance of drug trafficking. Accordingly, if the Court were to sever Counts One through Four and Count Ten from the remaining counts, there would be *some* evidentiary overlap related to Count Seven, although there will be additional evidence admitted for Counts One through Four which will not be admitted as evidence on Count Seven, namely evidence pertaining to the assault of the officer.

However, the evidence for the remaining counts is "simple and distinct" from the officer assault charges in Counts One through Four, such that jury confusion is unlikely if the counts were all tried together. The remaining counts charge Defendant with three counts related to possession with intent to distribute methamphetamine (Counts Five, Six, and Eight), one count of possession of a (different) firearm in furtherance of drug trafficking (Count Nine), one count of being a felon in possession of a (different) firearm (Count Eleven), one count for possessing an unregistered destructive device (Count Twelve) and two counts for possessing unregistered short-barrel machine guns (Counts Thirteen and Fourteen). Moreover, the Court will instruct the jury to consider each charge separately. *See Johnson*, 820 F.2d at 1071 (finding that a judge's instruction to the jury to consider each count separately lessened the potential prejudice). Although a jury "is likely to find compartmentalizing evidence of separate counts allegedly committed by a single defendant more difficult than compartmentalizing evidence of counts of separate defendants" the concern is lessened where the charges are dissimilar. *Johnson*, 820 F.2d at 1071. Because the remaining charges are separate and distinct from Counts One through Four, there is

no reason to believe that a jury will be so unable to compartmentalize the officer-assault charges from the possession of drug and gun charges that Defendant will be manifestly prejudiced.

Defendant argues that the evidence of the officer assault will be so prejudicial that it will influence the jury as to every other count because it will evoke strong emotion in the jury and lead them to think of Defendant as a "criminal." (Mot. at 3 –4.) This is not sufficient to establish "manifest prejudice" to Defendant. *See United States v. Vasquez-Velasco*, 15 F.3d 833, 846 (9th Cir. 1994) (the "emotionally-charged nature" of evidence related to a "gruesome" murder by co-defendant was not enough to necessitate severance). While Defendant is likely correct that some jury members may be sympathetic to the police, the opposite may also be true. As Defendant states in his motion, "[o]fficer-involved shootings are a divisive issue," especially in the wake of the Black Lives Matter movement (Mot. at 3), which, Defendant omits, in some instances involved demonstrations *against* officers. In either instance, the Court will conduct *voir dire* to determine if potential jury members hold biases and will instruct the empaneled jury to set aside their biases and decide based on the evidence presented to them.

The potential prejudice raised in Defendant's second argument – that his desire to testify for certain counts would lead to the possible introduction of prior felony convictions for purposes of impeachment – can also be mitigated by the Court without requiring severance of the charges. While Defendant has established that he "has important testimony to give on some counts," *i.e.*, testimony related to his claim of self-defense, he has not established a "strong need to refrain from testifying on those he wants severed." *United States v. DiCesare*, 765 F.2d 890, 898 (9th Cir.), *as amended*, 777 F.2d 543 (9th Cir. 1985). Defendant argues that testifying on Counts One through Four will lead to evidence of his prior felonies being introduced, which will prejudice him as to the remaining counts. However, if the prejudice is in fact as great as Defendant alleges, the Court would likely find that evidence inadmissible.

Federal Rule of Evidence 609 allows for the introduction of prior felonies as impeachment evidence to "attack[ ] a witness's character for truthfulness." Fed. R. Evid. 609(a). Such evidence is only admissible to use against Defendant if the "probative value of the evidence outweighs its prejudicial effect to that defendant." *Id.* (a)(1)(B); see also Fed. R. Evid. 403. Accordingly, should the Court find the evidence sufficiently prejudicial, exclusion of the evidence would be the appropriate remedy, not severance.

Defendant has not met his burden of establishing a manifest prejudice, and in the instances where prejudice may arise, the Court will take measures to mitigate the potential prejudice.

### IV. Conclusion

For the above reasons, IT IS HEREBY ORDERED that Defendant's Motion to Sever (ECF No. 56) is DENIED.

IT IS SO ORDERED.

Dated:   **October 27, 2023**

Hon. Daniel J. Calabretta
UNITED STATES DISTRICT JUDGE

DJC2 – 19cr00155.MotSever