UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>JASON RAYSEAN BROADBENT,<br><br>Defendant. | No. 2:19-cr-00155-DJC-1<br><br><br><br>ORDER |

Defendant brings the present motion seeking reconsideration of the Magistrate Judge's denial of Defendant's Motion to Compel Discovery. (Mot. for Recon. ("Mot.") (ECF No. 96).) For the reasons discussed below, the Motion is GRANTED IN PART and DENIED IN PART.

**I.    Background**

Defendant Broadbent has been charged with, among other offenses, assault on a police officer (Counts One and Two), discharging a firearm during and in relation to a crime of violence (Count Three), and brandishing a firearm during and in relation to a crime of violence (Count Four) based on conduct that allegedly occurred during the course of Defendant's arrest. (Indictment (ECF No. 1) at 1–2.) Allegedly, when police entered the home where Defendant was sleeping, Defendant discharged a gun

////

towards officers.  (Mot. at 1.)  As Defendant fled the scene, he allegedly brandished a firearm at Agent Jon Judkins.  (*Id.*)  Agent Judkins then shot at Defendant.  (*Id.*)

Defendant moved to compel discovery of three requests[1] for the production of documents related to the first four charges against him, requests #103, #401, and #405.  (Mot. to Compel (ECF No.  77).)  The requests are as follows: #103 "Any and all documentation relating to any investigation, inquiry or other action by the [Bureau of Alcohol, Tobacco, and Firearms ("ATF")] regarding the officer-involved shooting at 3972 17th Avenue, including ATF's shooting incident report;" #401 "The PowerPoint presentation and notes including any handouts and speaker or participant notes from the law enforcement briefing on November 18, 2015 at 6:00 p.m. regarding the search of 3972 17th Avenue;" and #405 "Any and all records regarding potential excessive force incidents or officer-involved shooting incidents in which ATF Agent Jon Judkins was involved, both before and after execution of the search warrants on November 19, 2015."  (Mot. at 2–3.)

As reflected in Minute Order 94, Magistrate Judge Deborah Barnes denied requests #103 and #405 in full.  In her oral ruling, the Magistrate Judge reasoned that evidence related to Agent Judkins's shooting of Defendant was not material because it occurred after the events which form the basis of the charges against Defendant. The Magistrate Judge granted #401 in part,[2] compelling production of material related to the timing of the announcements, reasoning that this information is relevant to whether the officers knocked and announced before setting off diversions, and therefore to whether Defendant knew that police were entering.

////

---

[1] Defendant had requested production of documents for request #404 as well, but withdrew that request prior to the hearing before the Magistrate Judge.

[2] Order 94 contains a clerical error.  It states that "[t]he court GRANTED Request 404 with limiting instruction."  However, request # 404 was withdrawn and the recording of the hearing makes clear that Magistrate Judge Barnes granted request #401 with the limiting instruction.  At oral argument on the Motion for Reconsideration, the Parties confirmed this error and agreed that request #401 was granted in part.

2

Defendant now seeks reconsideration of the Magistrate Judge's ruling, requesting that the three discovery requests be granted in full. (Mot. at 3.) The Court held oral argument on this Motion on December 7, 2023 with David W. Spencer appearing on behalf of the United States and Mia Crager appearing for Defendant, and now takes the matter under submission.

## II. Legal Standard for Motion for Reconsideration

On reconsideration, "the district court decides whether the order is 'clearly erroneous or contrary to law.'" *United States v. Yandell*, No. 2:19-CR-00107-KJM, 2022 WL 17363472, at *2 (E.D. Cal. Dec. 1, 2022) (quoting 28 U.S.C. § 636(b)(1)(A) and citing E.D. Cal. L.R. 303(f)). The district court "exercises its 'independent judgment with respect to a magistrate judge's legal conclusions,'" under the contrary to law standard, and the "'clearly erroneous' standard applies to the magistrate judge's factual determinations and discretionary decisions." *Id.* (quoting *Computer Econ., Inc. v. Gartner Grp., Inc.*, 50 F. Supp. 2d 980, 983 (S.D. Cal. 1999)). The contrary to law standard is nearly identical to a de novo review, *see id.* at *3; *Stoyas v. Toshiba Corp.*, No. 15-04194, 2022 WL 3030523, at *2 (C.D. Cal. July 29, 2022), whereas a decision is "clearly erroneous" only if the district court "is left with the definite and firm conviction that a mistake has been committed." *Concrete Pipe and Prods. v. Constr. Laborers Pension Tr.*, 508 U.S. 602, 622 (1993) (quoting *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948)).

Whether to grant or deny a discovery request is generally discretionary, and such determinations are reviewed under the clear error test. See *Yandell*, 2022 WL 17363472, at *6; *United States v. Stever*, 603 F.3d 747, 752 (9th Cir. 2010). However, "[w]hether evidence is subject to disclosure under *Brady* is a question of law" and reviewed de novo. *United States v. Mendez*, No. 1:21-CR-00095-ADA-BAM, 2023 WL 5103906, at *3 (E.D. Cal. Aug. 9, 2023) (citing *United States v. Olsen*, 704 F.3d 1172, 1181 (9th Cir. 2013)); *United States v. Kohring*, 637 F.3d 895, 901 (9th Cir. 2011).

////

### III. Discussion

In his Motion to Compel and Motion for Reconsideration, Defendant argues that the evidence sought is both material under *Brady v. Maryland*, and discoverable under Federal Rule of Evidence Rule 16(a)(1)(E). (Mot. to Compel (ECF No. 77) at 3; Mot. at 4.) The Court will review de novo whether the prosecution has a duty to disclose the evidence requested under *Brady*. However, to the extent Defendant is requesting reconsideration based on the Magistrate Judge's Rule 16 findings, those rulings are discretionary, and the Court finds no clear error warranting reconsideration.

Under *Brady*, prosecutors have an affirmative duty to disclose evidence favorable to the defense which is "material either to guilt or to punishment." *Brady v. Maryland*, 373 U.S. 83, 87 (1963); *accord Kyles v. Whitley*, 514 U.S. 419, 432 (1995). The prosecutor's "constitutional duty is triggered by the potential impact of favorable but undisclosed evidence." *Kyles*, 514 U.S. at 434. Evidence is material when, "considered collectively" it would create a "reasonable probability" of a different result for the defendant. *Id.* at 433, 436 (quoting *United States v. Bagley*, 473 U.S. 667, 682 (1985)). "The *Brady* standard for materiality is higher than Rule 16's, and its scope narrower." *United States v. Pac. Gas & Elec. Co.*, No. 14-CR-00175-TEH, 2016 WL 3185008, at *2 (N.D. Cal. June 8, 2016) (citing *United States v. Muniz-Jaquez*, 718 F.3d 1180, 1183 (9th Cir. 2013)). The Ninth Circuit has admonished district courts to avoid interfering with the executive branch's obligations under *Brady* and its progeny unless "there is a clear basis in fact and law for doing so." *United States v. Jennings*, 960 F.2d 1488, 1491, 1492 (9th Cir. 1992) (quotation marks and citation omitted); *USA v. Cervantes*, No. 21-CR-00328-YGR-DMR, 2023 WL 6429771, at *4 (N.D. Cal. Oct. 2, 2023).

*Brady* applies equally to impeachment evidence as other exculpatory evidence. *Giglio v. United States*, 405 U.S. 150, 154–55 (1972); *United States v. Olsen*, 704 F.3d 1172, 1181 (9th Cir. 2013). Favorable impeachment evidence may be that which

demonstrates a witness's bias, demonstrates a witness's character for truthfulness, or which directly contradicts a witness's testimony.  See United States v. Parker, 790 F.3d 550, 558 (4th Cir. 2015).  "[I]mpeachment evidence may be material when the witness in question 'supplied the only evidence of an essential element of the offense,' especially if the undisclosed evidence was the only significant impeachment material . . . . In contrast, impeachment evidence is not material if it is 'cumulative of evidence of bias or partiality already presented and thus would have provided only marginal additional support for the defense.'"  Parker, 790 F.3d at 558 (quoting United States v. Bartko, 728 F.3d 327, 339–40 (4th Cir. 2013)).  "The jury's estimate of the truthfulness and reliability of a given witness may well be determinative of guilt or innocence, and it is upon such subtle factors as the possible interest of the witness in testifying falsely that a defendant's life or liberty may depend."  Bagley, 473 U.S. at 676 (quoting Napue v. Illinois, 360 U.S. 264, 269 (1959)).

**A.  Request # 103**

Defendant argues that the ATF report of the investigation into Agent Judkins following the shooting is material impeachment evidence because, depending on the conclusion, it may cast doubt on whether Agent Judkins saw Defendant brandish a firearm.  The Government argues that it has already turned over the *factual* material which underlies the ATF report, including a recorded interview of Agent Judkins, and is not required to produce the report itself as the report contains the Government's internal analysis and conclusions of law which are not proper objects of discovery.  Moreover, the Government argues, to the extent that the report reiterates the direct factual evidence which has already been turned over, the report is cumulative and has low evidentiary value.

To the extent the ATF report concludes that Agent Judkins used excessive force or was otherwise not justified in shooting Defendant, the Court finds that such evidence would be material *Brady* evidence because it would call into question Agent Judkins' justification for shooting, *i.e.* that Defendant brandished a firearm.  While the

Government's internal analysis may not ordinarily be discoverable, this evidence would be so favorable and material to the defense that it must be produced under *Brady*.  As such, Defendant's Motion for Reconsideration is GRANTED IN PART as to Request #103.  The Government is hereby ordered to produce relevant portions of the ATF report if and to the extent it contains analysis or conclusions that Agent Judkins used excessive force or otherwise acted inappropriately in shooting Defendant.

### B.  Request #405

Defendant argues that under Federal Rule of Evidence 404(a)(2)(B), which allows for evidence of a victim's "pertinent trait," request #405 should be granted because it could potentially lead to material impeachment evidence about Agent Judkins' pertinent trait of being "trigger-happy."[3]  As the Court understands Defendant's argument, he asserts that *if* Agent Judkins has the trait of being trigger-happy, then Agent Judkins may have shot at Defendant regardless of whether Defendant pointed a firearm at him, and would have had a motive to lie about Defendant brandishing the firearm.

The evidence requested by Defendant is too attenuated to be considered material under *Brady*.  As the Magistrate Judge discussed, whether Agent Judkins is trigger-happy does not necessarily go to his truthfulness, and sheds little light on the ultimate issue of whether in fact the Defendant brandished a weapon.  That is particularly the case here where the Government has disclosed the Sacramento Police Department's investigation into the shooting, which provides the defense with all of the relevant information about the circumstances under which Agent Judkins shot at the Defendant, and given this Court's order for Request #103 to the extent Agent Judkins used excessive force in this particular case.  On de novo review, the Court concludes that *Brady* does not require the disclosure of prior uses of excessive force,

---

[3] There is currently no evidence Agent Judkins possesses such a trait.

and the Magistrate Judge's determination that the disclosure was not required under Rule 16 does not constitute clear error.[4]

### C.  Request #401

The Magistrate Judge granted request #401 with respect to materials related to the timing and execution of the diversions because it is directly relevant to whether officers gave proper notice, and whether Defendant knew that it was officers and not intruders coming into his home.  Defendant argues that he is also entitled to operational plans and other pre-execution materials because they might reveal that officers were informed that Defendant was dangerous.  Such evidence, Defendant argues, would bolster the defense's impeachment of Agent Judkins by showing that Agent Judkins believed Defendant was dangerous and may have shot Defendant because of this belief and not because Defendant brandished a weapon.

Evidence related to whether officers were informed that Defendant was dangerous is not material under *Brady*.  Ostensibly, officers are approaching all searches and arrests of a drug and arms dealer with an understanding that such persons are likely armed and dangerous.  In fact, in the Motion for Reconsideration Defendant states that officer interviews revealed they "were told that Mr. Broadbent was a dangerous person prone to violence." (Mot. at 6–7.) The operational plans and preparation materials are therefore not necessary to make the argument that Agent Judkins believed Defendant was armed and dangerous.  Further, because such an understanding of arms and drugs dealers is so commonplace among law enforcement, that evidence would be very unlikely to undermine Judkins's credibility.

Defendant also argues that the operational plans are necessary to establish how entry was accomplished and where the officers were when the shots were allegedly fired by Defendant.  While the operational plans may be relevant and helpful

---

[4] In its Opposition, the Government states that it is aware of and will comply with its duties under *United States v. Henthorn*, 931 F.2d 29 (1991) and *Giglio*, 405 U.S. 150 (1972*)* to examine Agent Judkins's personnel files for material evidence and produce any impeachment evidence if Agent Judkins provides false testimony.  This ruling does not address or effect those obligations.

to Defendant's case, Defendant has not established that the plans are exculpatory or material to constitute *Brady* evidence. As the Magistrate Judge observed, the operational plans likely do not accurately reflect what occurred during the search itself, and the plans would be cumulative of the testimony of officers present during the search. To the extent Defendant is requesting reconsideration of the Magistrate Judge's ruling under the Rule 16 standard, the Court finds no clear error and upholds the ruling.

### IV. Conclusion

For the above reasons, IT IS HEREBY ORDERED that Defendant's Motion for Reconsideration, ECF No. 96, is GRANTED IN PART and DENIED IN PART as follows:

1. Request #103 is GRANTED IN PART to the extent that the ATF report suggests that Agent Judkins used excessive force or was not justified in shooting Defendant;
2. Request #405 is DENIED;
3. Request #401 is GRANTED IN PART with the limitations set by the Magistrate Judge, and otherwise DENIED.

Dated: January 3, 2024         /s/ Daniel J. Calabretta
                               THE HONORABLE DANIEL J. CALABRETTA
                               UNITED STATES DISTRICT JUDGE