ZINO OSEHOBO (#340139)
Grace Legal Group, Inc.
3500 W Olive Ave Ste 300
Burbank CA, 91505
Telephone: (818) 650-1744
Email: info@gracelegalgroup.com

Attorney for Defendant,
JASON RAYSEAN BROADBENT

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                             Plaintiff,<br>v.<br><br>JASON RAYSEAN BROADBENT.<br><br>                             Defendant. | Case No.: 2:19-CR-00155-DJC<br>**DEFENDANT'S MOTION TO DISMISS FIREARM COUNTS AS UNCONSTITUTIONAL UNDER BRUEN** |

**TABLE OF CONTENTS**

TABLE OF AUTHORITIES ...................................................................................................2
   I.     INTRODUCTION .........................................................................................3
   II.    LEGAL STANDARD UNDER *BRUEN* ............................................................3
   III.   ANALYSIS......................................................................................................3
       A.  SECTION 922(G)(1) UNDER NINTH CIRCUIT LAW ...........................3
       B.  SECTION 5861(D) AND LACK
           OF HISTORICAL ANALOGUE .............................................................3
   IV.   PRESERVATION OF CONSTITUTIONAL CHALLENGE .........................4
   V.    CONCLUSION ................................................................................................4

## TABLE OF AUTHORITIES

CASES

*New York State Rifle & Pistol Association v. Bruen*, 597 U.S. 1 (2022)..............................3

*United States v. Duarte*, 137 F.3d 743 (9th Cir. 2023).........................................................3

*Van Der Hule v. Holder*, 759 F.3d 1043 (9th Cir. 2014).......................................................3

*United States v. Gonzalez*, 442 F. Supp. 3d 665 (S.D. Cal. 2020).......................................4


RULES AND STATUTES

18 U.S.C. § 922(g)(1) ...............................................................................................................3

26 U.S.C. § 5861(d) ..................................................................................................................3

26 U.S.C. § 5845(a) ..................................................................................................................3

### I.     INTRODUCTION

Defendant Jason Raysean Broadbent moves this Court to dismiss Counts 10, 11, 12, 13, and 14 of the indictment on the grounds that 18 U.S.C. § 922(g)(1), 26 U.S.C. § 5861(d), and related firearm possession statutes are unconstitutional under the Second Amendment as interpreted *by New York State*

*Rifle & Pistol Association v. Bruen*, 597 U.S. 1 (2022). Mr. Broadbent preserves this issue for appeal, asserting that these provisions lack historical analogues consistent with the Second Amendment.

## II.  LEGAL STANDARD UNDER BRUEN

In *Bruen*, the Supreme Court held that the government must demonstrate that any firearm regulation is consistent with the Nation's historical tradition of firearm regulation. *Id*. at 24–25. The burden rests on the government to identify an enduring historical analogue that supports the challenged regulation. *Id*. at 29.

## III.  ANALYSIS

### A.  SECTION 922(G)(1) UNDER NINTH CIRCUIT LAW

Mr. Broadbent challenges 18 U.S.C. § 922(g)(1), which criminalizes firearm possession by felons. Although courts within the Ninth Circuit have upheld this statute post-*Bruen*, those cases do not foreclose as-applied challenges. See *United States v. Duarte*, 137 F.3d 743, 752 (9th Cir. 2023) (upholding § 922(g)(1) as applied to a non-violent felon based on historical tradition of disarming dangerous individuals); *Van Der Hule v. Holder*, 759 F.3d 1043, 1050 (9th Cir. 2014) (applying *Heller* to uphold § 922(g)(1)).

Here, Mr. Broadbent asserts that his circumstances are distinguishable. He challenges the constitutionality of the statute as applied to him—a defendant convicted under state law, incarcerated for nearly a decade before federal indictment, and lacking a history of violence unrelated to law enforcement action. *Duarte* does not resolve whether such extended delay, combined with a lack of contemporaneous threat or conduct, supports continued disarmament

### B.  SECTION 5861(D) AND LACK OF HISTORICAL ANALOGUE

26 U.S.C. § 5861(d) criminalizes possession of unregistered firearms, such as short-barreled rifles under 26 U.S.C. § 5845(a). Although the National Firearms Act has withstood pre-Bruen scrutiny, post-Bruen courts must now consider whether comparable historical analogues existed. See Bruen, 597 U.S. at 29–31.

Mr. Broadbent argues there is no historical analogue for criminalizing mere possession of a weapon based solely on a registration requirement. Unlike restrictions on felons or dangerous individuals, no founding-era precedent supports penalizing failure to register a category of arms lawfully

possessed by others. The government has not demonstrated that possession of such weapons was historically subject to similar categorical bans.

### IV.   PRESERVATION OF CONSTITUTIONAL CHALLENGE

Although the Ninth Circuit has thus far upheld both statutes in general applications, Defendant preserves these arguments for appellate review and further development of the Second Amendment's scope post-*Bruen.* See *United States v. Gonzalez*, 442 F. Supp. 3d 665, 673 (S.D. Cal. 2020).

### V.   CONCLUSION

For the reasons set forth above, Mr. Broadbent respectfully requests that the Court For the foregoing reasons, Mr. Broadbent respectfully requests that the Court dismiss Counts 10 through 14 of the indictment or, in the alternative, permit further litigation of these constitutional claims.

_/s/ Zino Osehobo

_____

ZINO OSEHOBO, ESQ. GRACE LEGAL GROUP

Attorney for Defendant
JASON RAYSEAN BROADBENT